UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Lonesome Cottage Furniture
Company, Inc.,

      Plaintiff,

vs.                         REPORT AND RECOMMENDATION

Josh Hennessee, Larry Reiling,
and Valley Mechanical, LLC,

      Defendants.              Civ. No. 08-4680 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B).

This action was commenced on July 11, 2008, by the filing of a Complaint with the Clerk of Court. On August 11, 2008, an Affidavit of Service was filed, which disclosed that the Defendant Valley Mechanical, LLC, was served with the Summons and Complaint on July 19, 2008. See, Docket No. 7. On August 18, 2008, it having appeared that twenty (20) days had passed, and the Defendant Valley Mechanical,

LLC, had not filed an Answer,[1] or otherwise responded to the Complaint, as required by 12, Federal Rules of Civil Procedure, this Court issued an Order, which stated as follows:

> That counsel for the Plaintiff is directed to:
>
> 1. Notify the Defendant Valley Mechanical, LLC, that it is required to serve and file its Answer or some other responsive pleading, or to move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed;
>
> 2. File an application for entry of default unless the required pleadings are filed within 10 days of the referenced notification; or
>
> 3. Advise the Court in writing of any good cause to the contrary.

---

[1] On August 8, 2008, an Answer was filed, purportedly on behalf of the Defendant Valley Mechanical, LLC, and signed by co-Defendant Josh Hennessee, who identifies himself as the president of Valley Mechanical, LLC. See, Docket No. 3. However, it is well-established that a corporation must be represented by legal counsel, in order to appear in Federal Court. See, e.g., Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993)(a corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel); see also, Simitar Entertainment, Inc. v. Silva Entertainment, 44 F. Supp.2d 986, 990 (D. Minn. 1999), quoting Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996); United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir. 1993); Carr Enters., Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983)("It is settled law that a corporation may be represented only by licensed counsel."). Accordingly, the Answer which was filed has no legal effect.

> Unless counsel for the Plaintiff complies with this Order within 20 days of this date, this case may be dismissed for lack of prosecution as to the Defendant Valley Mechanical, LLC.

The Plaintiff has failed to abide by the terms of our Order of August 18, 2008. Since we have previously warned the Plaintiff of the potential consequences for its failure to abide by the Orders of this Court, we recommend that this action be dismissed as to the Defendant Valley Mechanical, LLC, for failure to comply with this Court's Order of August 18, 2008, and for lack of prosecution.

NOW, THEREFORE, It is --

RECOMMENDED:

That this action be dismissed as to the Defendant Valley Mechanical, LLC, for the Plaintiff's failure to comply with this Court's Order of August 18, 2008, and for lack of prosecution.

BY THE COURT:

Dated: September 18, 2008     s/Raymond L. Erickson
                              Raymond L. Erickson
                              CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 3, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 3, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.